O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RICKY DARNELL BERNOUDY, | ) | CASE NO. CV 10-02916 ABC (RZ) |
| Petitioner, | ) ) | |
| vs. | ) ) | ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE |
| WARDEN, | ) ) | |
| Respondent. | ) ) | |

Petitioner has filed his sixth successive habeas petition without the required Court of Appeals authorization. As in the past, this Court lacks jurisdiction and thus summarily dismisses the action.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." This action will be summarily dismissed because Petitioner has filed a successive petition without first obtaining authorization from the United States Court of Appeals for the Ninth Circuit.

///

///

Section 2244 of Title 28, part of the Antiterrorism and Effective Death Penalty Act, requires that the district court dismiss most successive habeas corpus petitions:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless --
>
> > (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> >
> > (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> >
> > (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
> . . .

In *Felker v. Turpin*, 518 U.S. 651(1996), the Supreme Court noted that this statute transferred the screening function for successive petitions from the district court to the court of appeals. This provision has been held to be jurisdictional; the district court cannot entertain a successive petition without prior approval from the Court of Appeals. *Cooper v. Calderon,* 274 F.3d 1270, 1274 (9th Cir. 2001)*; see also Pratt v. United States*, 129 F. 3d 54, 57 (1st Cir. 1997); *Pease v. Klinger*, 115 F. 3d 763 (10th Cir. 1997); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). The district court therefore either must dismiss a successive petition for lack of jurisdiction, or it may transfer the action, in the interest of justice, to the court where the action properly could have been brought. 28 U.S.C. § 1631; *Pratt*, 129 F.3d at 57.

In the Petition before the Court, Petitioner Ricky Darnell Bernoudy attacks his 1997 conviction and lengthy "third strike" sentence. Petitioner sought habeas relief from his conviction and/or sentence many times in this Court. First, he challenged it, and lost on the merits, in *Bernoudy v. Hubbard*, CV 99-10427 ABC (RZ) (Judgment entered October 23, 2001).

Since then, Petitioner has filed several successive petitions in this Court, without authorization from the Court of Appeals to do so, resulting in summary dismissal after summary dismissal. *See* dockets in *Bernoudy v. Duncan,* CV 03-07850 AHM (RZ) (dismissal order entered November 5, 2003); *Bernoudy v. Duncan*, CV 03-04495 ABC (RZ) (July 10, 2003); *Bernoudy v. Class State Lawsuits*, CV 05-08282 ABC (RZ) (December 16, 2005); *Bernoudy v. Class State Lawsuits*, CV 06-00590 ABC (RZ) (February 22, 2006); and *Bernoudy v. Clark*, CV 07-4701 ABC (RZ) (August 6, 2007).

As this Court stated in its August 6, 2007 dismissal order,

> Petitioner appears either not to understand the requirement that he obtain Ninth Circuit authorization before he properly may file another habeas petition in this Court or not to care about that requirement. At some point, Petitioner's repeated attempts to

> flout the plain rules barring unauthorized successive petitions may result in sanctions or other appropriate Court action.

Although the Court makes no ruling at this time, Petitioner's further abuse of the writ may prompt the Court to consider whether an Order For Security And Control is appropriate – that is, finding Petitioner to be a "vexatious litigant" – pursuant to Civil Local Rule 83-8. "Such orders," that Rule states,

> may include, without limitation, a directive to the Clerk not to accept further filings from the litigant without payment of normal filing fees and/or without written authorization from a judge of the Court or a Magistrate Judge, issued upon such showing of the evidence supporting the claim as the judge may require.

Like its predecessors, the Petition currently before the Court is successive. Petitioner has submitted no authorization from the Court of Appeals for the filing of this successive petition. No factors appear which make it preferable to transfer this case to the Court of Appeals, rather than dismissing it.

Accordingly, the Petition is dismissed without prejudice.

DATED: April 26, 2010

_____
AUDREY B. COLLINS
UNITED STATES DISTRICT JUDGE

Presented By:

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE

- 4 -